# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

QUINN VANCE,

     Plaintiff,

vs.                                    Case No. 1:20-cv-01230-KWR-JHR

LUCAS SCOTT KENT, and
RYDER SYSTEMS, INC.,

     Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS MATTER** comes before the Court upon the Defendants' Motion to Dismiss, filed on December 1, 2020 **(Doc. 3)**.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken in part and therefore is **GRANTED IN PART** and **DENIED IN PART.**  The complaint is dismissed with leave to amend.

This matter was removed from New Mexico state court.  Plaintiff's entire complaint is as follows:

    1. Plaintiff is the administrator of the Estate of John Ernest Vance. John Ernest Vance perished in an accident caused by Defendant Lucas Scott Kent.

    2. On the 1st day of December 2018, John Ernest Vance was a pedestrian near Interstate 40 around Mile Marker 259.

    3. Defendant Lucas Scott Kent was driving a commercial vehicle. He failed to keep a proper lookout while driving and struck and killed John Ernest Vance.

    4. Defendant Lucas Scott Kent was employed by Defendant Ryder System, Inc. at the time of the accident. Defendant Ryder System, Inc. is vicariously liable for the actions of Defendant Lucas Scott Kent.

5. Defendants are liable for compensatory damages, pain and suffering, loss of consortium, hedonic damages, loss of income, funeral and burial costs, mental anguish of the decedent's family, and other related damages.

**Doc. 1-2.**

Defendants moved to dismiss for failure to allege sufficient factual allegations. Plaintiff admits that his complaint does not satisfy the *Twombly/Iqbal* standard, but argues that New Mexico pleading standards apply to removed cases. If the Court finds that federal pleading standards apply, he requests leave to amend.

The *Twombly/Iqbal* federal pleading standards clearly apply to a motion to dismiss filed after a case has been removed to federal court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Grasshopper Nat. Med., LLC v. Hartford Cas. Ins. Co.*, No. CIV 15-0338 JB/CEG, 2016 WL 4009834, at *30 (D.N.M. July 7, 2016) (Browning, J.) (because case was removed to federal court "the Court must apply Iqbal/Twombly's federal pleading standards — rather than New Mexico state-law pleading standards — to the Complaint."); *Choctaw Express Mart, Inc. v. Employers Mut. Cas. Co.*, No. CIV-14-1227-HE, 2014 WL 12729171, at *2 (W.D. Okla. Dec. 31, 2014) ("As this case has been removed to federal court, federal pleading standards apply. Fed.R.Civ.P. 81(c)(1). Plaintiff's reliance in its response on state pleading standards is therefore misplaced."); *Thomas v. Farmers Ins. Co., Inc.*, No. 16-CV-17-TCK-PJC, 2016 WL 5794760, at *2 (N.D. Okla. Oct. 4, 2016) (applying Twombly/Iqbal to removed case); *Flurry v. Bd. of Cty. Comm'rs of the Cty. of Okla.*, 2015 WL 1542373, at *2 (W.D. Okla. Apr. 7, 2015) ("Because this case initiated in state court Plaintiff advocates for the Court to utilize the Oklahoma standard of pleading, which is less onerous than *Twombly*, set forth below. Rule 81(c)(1) of the Federal Rules of Civil Procedure, however, provides that the federal rules apply following removal, and thus the appropriate federal standards of pleading apply to this case."); *Davenport v. Sugar Mountain Retreat, Inc.*, 2009 WL 3415240, at*2 (N.D. Okla. Oct. 16,

2009) ("[T]he case was removed to federal court and this Court must apply Rule 12(b)(6), as interpreted in *Twombly*, to determine if plaintiff's amended complaint states a claim.").  Therefore, as Plaintiff has agreed his complaint does not meet the *Twombly/Iqbal* standards, the Court dismisses the complaint.

However, Plaintiff has requested leave to amend.  At this stage in the case, amendment should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [her] an opportunity to amend [her] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), *quoted in Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (court "should dismiss *with leave to amend* ... if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief."), *quoted in Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011).  Here, the Court cannot conclude that amendment would be futile.

Defendants argue that Plaintiff failed to adequately seek leave to amend because he did not file a motion to amend with the proposed amended complaint. Defendants are correct that local rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.  The Tenth Circuit has also held that it is not arbitrary or capricious for the Court to deny leave to amend that was a one-line sentence in a response to a motion to dismiss. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court.").  However, the Court believes it is well within its discretion to grant leave to amend under these circumstances.  The Court may also waive the local rules to avoid

3

injustice.  D.N.M.LR-Civ.  1.7.  Here, because Plaintiff filed his complaint in state court, and amendment would not be futile, the Court finds it is in the interest of justice to grant leave to amend.  Defendants can move to dismiss the amended complaint if appropriate.

      **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**Doc. 3**) is **GRANTED IN PART** and **DENIED IN PART.**

      **IT IS FURTHER ORDERED** that the complaint (**Doc. 1-2**) is **DISMISSED WITH LEAVE TO AMEND.**  Plaintiff may file an amended complaint within **sixty (60) days** of the entry of this order.  If Plaintiff fails to timely amend, the Court may, upon motion of a party or *sua sponte*, dismiss the case with prejudice.

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**