IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QUINN VANCE,

       Plaintiff,

vs.                                                                      Case No. 1:20-cv-01230-KWR-JHR

LUCAS SCOTT KENT, and
RYDER SYSTEM, INC.,

       Defendants.

## ORDER OF DISMISSAL

**THIS MATTER** is before the Court following Plaintiff's failure to file an amended complaint as directed. Plaintiff filed a wrongful death action in state court, and the Defendants removed this case to federal court based on diversity jurisdiction.

Plaintiff's entire complaint is as follows:

> 1. Plaintiff is the administrator of the Estate of John Ernest Vance. John Ernest Vance perished in an accident caused by Defendant Lucas Scott Kent.
>
> 2. On the 1st day of December 2018, John Ernest Vance was a pedestrian near Interstate 40 around Mile Marker 259.
>
> 3. Defendant Lucas Scott Kent was driving a commercial vehicle. He failed to keep a proper lookout while driving and struck and killed John Ernest Vance.
>
> 4. Defendant Lucas Scott Kent was employed by Defendant Ryder System, Inc. at the time of the accident. Defendant Ryder System, Inc. is vicariously liable for the actions of Defendant Lucas Scott Kent.
>
> 5. Defendants are liable for compensatory damages, pain and suffering, loss of consortium, hedonic damages, loss of income, funeral and burial costs, mental anguish of the decedent's family, and other related damages.

**Doc. 1-2.** Defendants moved to dismiss the complaint for failure to allege sufficient factual allegations. **Doc. 3.** Plaintiff admitted that his complaint did not satisfy the *Twombly/Iqbal*

standard, but argued that New Mexico pleading standards apply to removed cases. Plaintiff requested leave to amend if the Court found that federal pleading standards apply. **Doc. 5.**

The Court concluded that the *Twombly/Iqbal* standards applied. **Doc. 10 at 2-3.** Since Plaintiff admitted that the complaint did not meet those standards, the Court dismissed the complaint but granted Plaintiff leave to amend. **Doc. 10.** After dismissing the complaint, the Court stated: "Plaintiff may file an amended complaint within **sixty (60) days** of the entry of this order. If Plaintiff fails to timely amend, the Court may, upon motion of a party or *sua sponte*, dismiss the case with prejudice." **Doc. 10 at 4.**

Here, it is now more than sixty days since the Court entered its order of dismissal with leave to amend. Plaintiff has not filed an amended complaint or responded to the Court's order, and there is nothing on the docket indicating that Plaintiff requests an extension. Plaintiff was warned that the failure to timely file an amended complaint may result in the dismissal of this case with prejudice without further notice. **Doc. 10 at 4.** The Court will therefore dismiss this action with prejudice for failure to state a claim upon which relief may be granted.

**IT THEREFORE IS ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE,** and the Court will enter a separate judgment closing this civil case.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**